IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN COLEMAN,<br><br>   Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>   Respondent. | NO. SACV-25-02082-ODW (AGR)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

  For the reasons discussed below, the Court summarily dismisses the Petition for Writ of Habeas Corpus.

**I.**

**PROCEDURAL HISTORY**

  As summarized by the California Court of Appeal: "[Petitioner] was rummaging through an unlocked car early one morning when the car's owner, Adam C., caught him in the act and chased him down the street. [Petitioner] ran to his car; as he drove away, he pointed a loaded gun at Adam and shot him in the chest." *People v. Coleman*, 2024 Cal. App. Unpub. LEXIS 5925, *1 (Sept. 19,

2024).  "Adam was hospitalized and underwent surgery to treat his injuries."  *Id.* at *3.

The jury found Petitioner not guilty of attempted murder with premeditation and deliberation.  The jury found him guilty of shooting at another person from a motor vehicle in violation of Cal. Penal Code § 26100(c) and found true enhancements for inflicting great bodily injury (§ 12022.7(a)) and discharging a firearm causing great bodily injury (§ 12022.53(d)).  The court sentenced Petitioner to 30 years to life in prison for the conviction and firearm enhancement, and stayed punishment on the other enhancement.  *Id.* at *5.

The California Court of Appeal affirmed the judgment.  *Id.* at *14.  The California Supreme Court denied the petition for review.  *People v. Coleman*, 2024 Cal. LEXIS 6625 (Nov. 26, 2024).

On September 9, 2025, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.

## II.

## **DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Here, summary dismissal is warranted on both grounds for relief alleged in the Petition.

   A federal court may not grant a petition for writ of habeas corpus by a person in state custody with respect to any claim that was adjudicated on the merits in state court unless it (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 98 (2011).  "'[C]learly established Federal law' . . . is the governing legal principle or principles set forth by the Supreme Court at the time the state court rendered its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003); *see White v. Woodall*, 572 U.S. 415, 419 (2014).

   In Ground One, Petitioner contends that the trial court erred in failing to instruct the jury on the lesser included offense of negligent discharge of a firearm under Cal. Penal Code § 246.3(a).  The California Court of Appeal assumed without deciding that negligent discharge of a firearm is a lesser included offense of shooting at another person from a motor vehicle.  *Coleman*, 2023 Cal. App. Unpub. LEXIS 5925, at *7.  The Court found no substantial evidence that Petitioner's discharge of the firearm was grossly negligent.  "It is undisputed that [Petitioner] – who was no stranger to firearms – drew and pointed a loaded gun in Adam's direction from only seven feet away and then intentionally pulled the trigger, striking Adam in the upper torso near his heart."  *Id.* at *8.  The Court

concluded that the trial court was not required to instruct on the lesser included offense and Petitioner could not show prejudice. *Id.* at *8-*9.

A state court's failure "to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question." *Windham v. Merkle*, 163 F.3d 1092, 1106 (9th Cir. 1998). The Supreme Court has held that a criminal defendant in a death penalty case has a constitutional right to have the jury instructed on a lesser included offense under certain circumstances but left open the question of "whether the Due Process Clause would require the giving of such instructions in a non-capital case." *Beck v. Alabama*, 447 U.S. 625, 638 n.7 (1980). When, as here, the Supreme Court leaves open an issue, Petitioner cannot show that the state court's decision is contrary to, or an unreasonable application of, clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006) ("Given the lack of holdings from this Court," the "state court's decision was not contrary to or an unreasonable application of clearly established federal law"). Ground One does not state a claim for federal habeas relief.

In Ground Two, Petitioner contends that Cal. Penal Code § 1385(c)(2)(C), as amended, requires dismissal of an enhancement that would result in a sentence of more than 20 years. The California Court of Appeal rejected this argument and held that "a trial court's authority to strike an enhancement under subdivision (c)(2)(C) to be discretionary, not mandatory." *Coleman*, 2023 Cal. App. Unpub. LEXIS 5925, at *11 (citing *People v. Mendoza*, 88 Cal. App. 5th 287, 297 (2023); *People v. Lipscomb*, 87 Cal. App. 5th 9, 17 (2022)).

The California Supreme Court has since rejected the argument that Cal. Penal Code § 1385(c)(2)(C) creates even a rebuttable presumption in favor of dismissal of the enhancement. *People v. Walker*, 16 Cal. 5th 1024, 1033-34 (2024). The California Supreme Court's interpretation of a state sentencing statute, including Cal. Penal Code § 1385(c)(2)(C), is binding on this court on federal habeas review. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Ground Two does not state a claim for federal habeas relief.

### III.
### ORDER

For the foregoing reasons, IT IS ORDERED that the Petition for Writ of Habeas Corpus is dismissed and that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: October 15, 2025

_____
OTIS D. WRIGHT II
United States District Judge

5